## JIM HARWELL v. THE STATE.

' No. 2553.  Decided October 22, 1913.

**Local Option—Argument of Counsel.**

Where, upon trial of a violation of the local option law, the county attorney, in his argument, used language which was not justified by the evidence, and could not have been legitimate evidence in the case, to which defendant duly excepted, the same was reversible error.

Appeal from the County Court of Johnson.  Tried below before the Hon. J. B Haynes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $75 and thirty-five days confinement in the county jail.

The opinion states the case.

*Goldsmith & Warren,* for appellant.

*C. E. Lane,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted for violating the local option law, his punishment being assessed at a fine of $75 and thirty days imprisonment in the county jail.

The main witness for the State, Harry Wilson, a negro, testified that he met appellant on a vacant lot back of a livery stable and bought a

half pint of whisky from him, for which he paid him 50 cents. The witness Steakley testified that he saw the negro and defendant together, and saw defendant hand Wilson something white. Steakley took the negro to the county attorney's office, where a half pint of whisky was taken from him. Appellant testified that he met the negro on the vacant lot mentioned; that the negro asked him for a match, which he gave him; that he had no other transaction with him, and did not sell him any whisky. Several witnesses impeached the witness Wilson by testifying his reputation for truth and veracity was bad, and that he was unworthy of belief. Wilson himself testified that he had been convicted for bootlegging and had served on the county roads, and had just a short time prior to this transaction returned from such convict service. This is in substance and in fact practically the case.

The county attorney in his closing argument to the jury used the following language: "The defendant, Jim Harwell, according to the evidence in this case makes his living by violating the local option law. This is your law and you must stand by the county attorney in its enforcement." All sorts of exceptions were reserved to this language and the manner of argument, and a special charge requested, which the county judge refused. This charge was: "There is no evidence in this record showing that the defendant made his living by violating the laws, and the remarks of the county attorney to the effect that defendant, Jim Harwell, makes his living by violating the local option law, and such remarks are withdrawn from you. The further remarks of the county attorney to the effect that this is your law and you must stand by the county attorney is out of the record in this case and said remarks were improper and withdrawn from you." This charge was refused. These matters are set forth in bill of exceptions. The court refused to give the charge, and refused in any way to caution the jury as to this character of argument. The statement of facts does not show that the appellant had made his living violating the local option law, and so far as the transcript is concerned the only evidence against appellant in regard to violating the local option law is stated in the previous part of this opinion. If there was any other sale by the appellant, or that he was pursuing the business of violating the local option law, it is not in the record. This would not have been legitimate evidence under the case as here made, and it is a fact stated by the county attorney in his argument which was not justified by the facts, and which was not in fact justified before the jury. Appellant was given a punishment considerably in excess of the minimum, it being a $75 fine and thirty days in jail. The minimum punishment would be twenty days in jail and a $25 fine. Such argument as this ought not to be permitted.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*